FILED
2020 Nov-05  AM 09:37
U.S. DISTRICT COURT
N.D. OF ALABAMA



# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **CHARLES D. MILES, an individual,** | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.:** |
| | ) | |
| **PASCHALL TRUCK LINES, INC., a corporation; JAMES HARTENSE CODIE, an individual;** | ) | |
| | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

---

## NOTICE OF REMOVAL

---

The defendant, Paschall Truck Lines, Inc. (hereinafter "PTL"),  pursuant to 28 U.S.C. §§ 1332, 1441, 1446, hereby removes this action filed by the plaintiff, Charles Miles, in the Circuit Court of Jefferson County, Alabama to the United States District Court for the Northern District of Alabama, Southern Division. In support of this notice, PTL shows as follows:

### A.  PROCEDURAL BACKGROUND

1.     This case was commenced by the plaintiff on October 1, 2020 in the Circuit Court of Jefferson County, Alabama, civil action number: 01-CV-2020-903403. The documents attached as Exhibit "A" constitute all of the process and pleadings served, received and filed in this action to date. *See* 28 U.S.C. § 1446(a).

{DOC# 00692286}

2.      PTL was served with the summons and compliant *via* certified mail on October 9, 2020. (*See* Exhibit "A"). The co-defendant, James Hartense Codie, has not yet been served with the summons and complaint.

3.      As required by 28 U.S.C. §§ 1332 and 1441(a), this notice is filed in the United States District Court for the Northern District of Alabama, Southern Division, which is the district and division embracing the place where the state court case was filed.

4.      This notice of removal is filed within the period of time required by 28 U.S.C. § 1446(b).

5.      Promptly after the filing of this notice, PTL will file a copy of the notice with the Clerk of the Circuit Court of Jefferson County, Alabama as required by 28 U.S.C. § 1446(d).

## B.  DIVERSITY OF THE PARTIES

6.      At the time of the commencement of this action and the time of this removal, the plaintiff was and is a citizen of the State of Alabama.  (Exhibit "A" – Complaint).

7.      PTL is a corporation organized under the laws of the state of Kentucky with its principal place of business in Murray, Kentucky. (*Id*.).  Therefore, it is a citizen of the state of Kentucky for diversity purposes.

8.     The unserved co-defendant, James Hartense Codie ("Codie"), is a resident and citizen of the state of North Carolina.  (Exhibit "A" – Complaint).

9.     The parties identified above constitute all of the non-fictitious parties to this action, and there is complete diversity of citizenship between them, thereby satisfying the citizenship requirements of 28 U.S.C. § 1332.

10.     Citizenship of the fictitious defendants should be ignored for the purposes of removal. 28 U.S.C. § 1441(a).

## C.  AMOUNT IN CONTROVERSY

11.     In order to be removable, there must be at least $75,000.00 in controversy, exclusive of interest and costs. 28 U.S.C. § 1332(a).

12.     The plaintiff's complaint alleges negligence and wantonness against PTL and Codie and demands judgment in an amount to be determined by a jury. (Exhibit A – Complaint).

13.     The complaint seeks compensatory damages from the defendants for physical injuries which are alleged to be permanent; pain and suffering; past and future medical expenses; and past and future lost wages.  The complaint also seeks punitive damages.  (Exhibit "A" – Complaint).

14.     In *Roe v. Michelin N. Am., Inc.*, the 11th Circuit addressed removal based solely on the face of the plaintiff's complaint and held that "[i]t may be 'facially apparent' from the pleading itself that the amount in controversy exceeds

the jurisdictional minimum, even when the 'the Complaint does not a claim a specific amount of damages.'" 618 F.3d 1058, 1061 (11th Cir. 2010)(*quoting* Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 754 (11th Cir. 2010)); (*quoting in turn* Miriam Williams v. Best Buy Co., Inc., 269 F.3d 1316, 1319 (11th Cir. 2001)). The *Roe* court noted it made little sense to rely solely upon the complaint's statement concerning damages as doing so would allow skilled plaintiffs' attorneys to effectively "make federal jurisdiction disappear." *Id.* at 1064 (*quoting* Pretka, 608 F.3d at 766). Instead, district judges should use "reasonable deductions, reasonable inferences, or other reasonable extrapolations" in making an independent assessment of the amount of the claim damages based on the pleadings. *Id.*at 1061-2 (*quoting* Pretka, 608 F.3d at 754).

15.    Following *Roe*, district judges in the Northern District of Alabama have held that the amount in controversy threshold is met when a complaint seeks "unspecified damages of various kinds, such as punitive damages and emotional distress" and does not *disclaim* recovery of $75,000.00 or above. *See, e.g.,* Smith v. State Farm Fire & Cas. Co., 868 F. Supp. 2d. 1333, 1335 (N.D. Ala. 2012); Hogan v. Mason, 2017 U.S. Dist. LEXIS 55055 (N.D. Ala. April 11, 2017); Bush v. Winn Dixie Montgomery, LLC, 132 F. Supp. 1317 (N.D. Ala. 2015); Seckel v. Travelers Home & Marine Ins. Co., 2013 U.S. Dist. LEXIS 11582 (N.D. Ala. Jan. 29, 2013).

16.     In *Bush*, for example, the court held that the plaintiff's complaint  was by itself sufficient to establish the requisite amount in controversy, noting that it was "self-evident….that a plaintiff like Bush, who claims to have sustained a very substantial personal injury at the hands of a defendant and who charges that defendant with wantonness and who seeks to recover for pain, suffering, and mental anguish, and seeks punitive damages, is realistically hoping to recover more than $75,000."  132 F. Supp. 3d. at 1318.   The court further held that that "a plaintiff … who wants to stay in her chosen forum [*i.e.,* state court] must formally acknowledge a $74,999.99 limitation on any recovery." *Id.* at 1319; *see also* Smith, 868 F. Supp. 2d at 1334 (holding that "plaintiffs . . . who want to pursue claims against diverse parties in a state court seeking unspecified damages of various kinds, such as punitive damages and emotional distress, must in their complaint formally and expressly disclaim any entitlement to more than $74,999.99, and categorically state that plaintiff will not accept more.  Otherwise, a plaintiff will find herself in federal court, which is now saddled by Congress with a new and heavy burden"); *Green v. Wal-Mart Stores East, L.P.*, No. 2:14-cv-1684-WMA, 2014 WL 6792043 (N.D. Ala. Dec. 2, 2014) (holding that "[i]n her complaint, [plaintiff] . . . alleges both that the defendant's negligence caused her to suffer mental anguish and that its wantonness entitled her to punitive damages.  Plaintiff conspicuously makes no formal or express disclaimer to damages in excess of $74,999.00. Therefore, under up-to-date Eleventh

Circuit jurisprudence it is apparent that the amount in controversy in this case exceeds the sum of $75,000").

17.     It is apparent from the face of the plaintiff's complaint in the instant case that he is "realistically hoping to recover more than $75,000" given his claims for permanent injuries, future medical expenses and lost wages, and punitive damages.  (Exhibit "A" – Complaint).

18.     PTL denies that it is liable to the plaintiff for any amount, but does not dispute that the amount in controversy exceeds the jurisdictional requirement. Removal is therefore proper under 28 U.S.C. § 1332 and § 1446.

### D.  TIMELINESS

19.     The removal is filed within thirty (30) days from when PTL was served with the summons and complaint and is therefore timely. 28 U.S.C. § 1446(b).

### E.  CONCLUSION

20.     PTL has satisfied all procedural requirements with respect to timing, diversity of citizenship and amount in controversy and removal is proper. 28 U.S.C. §§ 1332, 1441, and 1446.

WHEREFORE, PREMISES CONSIDERED, the defendant Paschall Truck Lines, Inc. hereby removes the case from the Circuit Court of Jefferson County, Alabama to the U.S. District Court for the Northern District of Alabama.

/s/ Evan P. Baggett
Thomas L. Oliver, II (ASB-3153-r53t)
Evan P. Baggett (ASB-5568-v79b)
Attorneys for Defendant Paschall
Truck Lines, Inc.

**CARR ALLISON**
100 Vestavia Parkway
Birmingham, Alabama 35216
Telephone:  (205) 822-2006
Facsimile:  (205) 822-2057
E-mail:       toliver@carrallison.com
                  ebaggett@carrallison.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 5th day of November 2020, I have served a copy of the above and foregoing on counsel for all parties by:

_____Facsimile transmission;
_____Hand Delivery;
_____Electronic Mail;
_____Placing a copy of same in the United States Mail,
           properly addressed and first-class postage prepaid to;
           and/or
__X__ Using the Alafile or CM/ECF system which will send
           notifications of such to the following:

Stephanie Emens Balzli, Esq.
SHUNNARAH INJURY ATTORNEYS, PC
2900 First Avenue South
Birmingham, AL 35233
sbalzli@asilpc.com

/s/ Evan P. Baggett
OF COUNSEL

{DOC# 00692286}