FILED
2020 Nov-05  AM 09:37
U.S. DISTRICT COURT
N.D. OF ALABAMA

# DEFENDANT'S EXHIBIT A

# Copies of All Pleadings, Process, Papers on File in the Record of the State Court Action

# ALABAMA SJIS CASE DETAIL



**PREPARED FOR: SHERRIE MYRICK**

County: **01**    Case Number: **CV-2020-903403.00**    Court Action:

Style: **CHARLES D. MILES V. PASCHALL TRUCK LINES, INC. ET AL**

`Real Time`

## Case

### Case Information

| | | | | | |
|---|---|---|---|---|---|
| County: | **01-JEFFERSON - BIRMINGHAM** | Case Number: | **CV-2020-903403.00** | Judge: | **THJ:TAMARA HARRIS JOHNSON** |
| Style: | **CHARLES D. MILES V. PASCHALL TRUCK LINES, INC. ET AL** | | | | |
| Filed: | **10/01/2020** | Case Status: | **ACTIVE** | Case Type: | **NEGLIGENCE MOTOR VEH** |
| Trial Type: | **JURY** | Track: | | Appellate Case: | **0** |
| No of Plaintiffs: | **1** | No of Defendants: | **2** | | |

### Damages

| | | | | | |
|---|---|---|---|---|---|
| Damage Amt: | **0.00** | Punitive Damages: | **0.00** | General Damages: | **0.00** |
| No Damages: | | Compensatory Damages: | **0.00** | | |
| Pay To: | | Payment Frequency: | | Cost Paid By: | |

### Court Action

| | | | | | |
|---|---|---|---|---|---|
| Court Action Code: | | Court Action Desc: | | Court Action Date: | |
| Num of Trial days: | **0** | Num of Liens: | **0** | Judgment For: | |
| Dispositon Date of Appeal: | | Disposition Judge: | : | Disposition Type: | |
| Revised Judgement Date: | | Minstral: | | Appeal Date: | |
| Date Trial Began but No Verdict (TBNV1): | | | | | |
| Date Trial Began but No Verdict (TBNV2): | | | | | |

### Comments

Comment 1:
Comment 2:

### Appeal Information

| | | | | | |
|---|---|---|---|---|---|
| Appeal Date: | | Appeal Case Number: | | Appeal Court: | |
| Appeal Status: | | Orgin Of Appeal: | | | |
| Appeal To: | | Appeal To Desc: | | LowerCourt Appeal Date: | |
| Disposition Date Of Appeal: | | Disposition Type Of Appeal: | | | |

### Administrative Information

| | | | | | |
|---|---|---|---|---|---|
| Transfer to Admin Doc Date: | | Transfer Reason: | | Transfer Desc: | |
| Number of Subponeas: | | Last Update: | **10/01/2020** | Updated By: | **AJA** |

## Parties

### Party 1 - Plaintiff INDIVIDUAL - MILES CHARLES D.

#### Party Information

| | | | | | |
|---|---|---|---|---|---|
| Party: | **C001-Plaintiff** | Name: | **MILES CHARLES D.** | Type: | **I-INDIVIDUAL** |
| Index: | **D PASCHALL TRU** | Alt Name: | | Hardship: **No** | JID: **THJ** |
| Address 1: | **SHUNNAHRAH INJURY LAWYERS** | | | Phone: | **(205) 000-0000** |

| | |
|---|---|
| Address 2: | **2900 FIRST AVENUE SOUTH** |
| City: | **BIRMINGHAM** State: **AL** Zip: **35233-0000** Country: **US** |
| SSN: | **XXX-XX-X999** DOB: Sex: Race: |

## Court Action

| | | |
|---|---|---|
| Court Action: | | Court Action Date: |
| Amount of Judgement: **$0.00** | Court Action For: | Exemptions: |
| Cost Against Party: **$0.00** | Other Cost: **$0.00** | Date Satisfied: |
| Comment: | | Arrest Date: |
| Warrant Action Date: | Warrant Action Status: | Status Description: |

## Service Information

| | | |
|---|---|---|
| Issued: | Issued Type: | Reissue: | Reissue Type: |
| Return: | Return Type: | Return: | Return Type: |
| Served: | Service Type | Service On: | Served By: |
| Answer: | Answer Type: | Notice of No Service: | Notice of No Answer: |

## Attorneys

| Number | Attorney Code | Type of Counsel | Name | Email | Phone |
|---|---|---|---|---|---|
| Attorney 1 | EME008 | | BALZLI STEPHANIE EMENS | SBALZLI@ASILPC.COM | (205) 983-8150 |

### Party 2 - Defendant BUSINESS - PASCHALL TRUCK LINES, INC.

## Party Information

| | | | |
|---|---|---|---|
| Party: | **D001-Defendant** | Name: **PASCHALL TRUCK LINES, INC.** | Type: **B-BUSINESS** |
| Index: | **C MILES CHARLE** | Alt Name: | Hardship: **No** JID: **THJ** |
| Address 1: | **3443 HIGHWAY 641 SOUTH** | | Phone: **(205) 000-0000** |
| Address 2: | | | |
| City: | **MURRAY** | State: **KY** | Zip: **42071-0000** Country: **US** |
| SSN: | **XXX-XX-X999** | DOB: | Sex: Race: |

## Court Action

| | | |
|---|---|---|
| Court Action: | | Court Action Date: |
| Amount of Judgement: **$0.00** | Court Action For: | Exemptions: |
| Cost Against Party: **$0.00** | Other Cost: **$0.00** | Date Satisfied: |
| Comment: | | Arrest Date: |
| Warrant Action Date: | Warrant Action Status: | Status Description: |

## Service Information

| | | |
|---|---|---|
| Issued: **10/01/2020** | Issued Type: **C-CERTIFIED MAIL** | Reissue: | Reissue Type: |
| Return: | Return Type: | Return: | Return Type: |
| Served: **10/09/2020** | Service Type **C-CERTIFIED MAIL** | Service On: | Served By: |
| Answer: | Answer Type: | Notice of No Service: | Notice of No Answer: |

### Attorneys

| Number | Attorney Code | Type of Counsel | Name | Email | Phone |
|--------|---------------|-----------------|------|-------|-------|
| Attorney 1 | 000000 | | PRO SE | | |

## Party 3 - Defendant INDIVIDUAL - CODIE JAMES HARTENSE

### Party Information

| | | | | | |
|---|---|---|---|---|---|
| Party: | D002-Defendant | Name: | **CODIE JAMES HARTENSE** | Type: | **I-INDIVIDUAL** |
| Index: | **C MILES CHARLE** | Alt Name: | | JID: | **THJ** |
| Address 1: | **1103 PROCTOR STREET** | | | Phone: | **(205) 000-0000** |
| Address 2: | | | | | |
| City: | **DURHAM** | State: | **NC** | Zip: | **27707-0000** Country: **US** |
| SSN: | **XXX-XX-X999** | DOB: | | Sex: | Race: |

Hardship: **No**

### Court Action

| | | | |
|---|---|---|---|
| Court Action: | | | Court Action Date: |
| Amount of Judgement: | **$0.00** | Court Action For: | Exemptions: |
| Cost Against Party: | **$0.00** | Other Cost: **$0.00** | Date Satisfied: |
| Comment: | | | Arrest Date: |
| Warrant Action Date: | | Warrant Action Status: | Status Description: |

### Service Information

| | | | |
|---|---|---|---|
| Issued: | **10/01/2020** Issued Type: **C-CERTIFIED MAIL** | Reissue: | Reissue Type: |
| Return: | Return Type: | Return: | Return Type: |
| Served: | Service Type | Service On: | Served By: |
| Answer: | Answer Type: | Notice of No Service: | Notice of No Answer: |

### Attorneys

| Number | Attorney Code | Type of Counsel | Name | Email | Phone |
|--------|---------------|-----------------|------|-------|-------|
| Attorney 1 | 000000 | | PRO SE | | |

## Financial

### Fee Sheet

| Fee Status | Admin Fee | Fee Code | Payor | Payee | Amount Due | Amount Paid | Balance | Amount Hold | Garnish Party |
|------------|-----------|----------|-------|-------|-----------|-------------|---------|-------------|---------------|
| ACTIVE | N | AOCC | C001 | 000 | $27.70 | $27.70 | $0.00 | $0.00 | 0 |
| ACTIVE | N | CONV | C001 | 000 | $0.00 | $19.15 | $0.00 | $0.00 | 0 |
| ACTIVE | N | CV05 | C001 | 000 | $306.00 | $306.00 | $0.00 | $0.00 | 0 |
| ACTIVE | N | JDMD | C001 | 000 | $100.00 | $100.00 | $0.00 | $0.00 | 0 |
| ACTIVE | N | VADM | C001 | 000 | $45.00 | $45.00 | $0.00 | $0.00 | 0 |
| | | | | Total: | $478.70 | $497.85 | -$19.15 | $0.00 | |

### Financial History

| Transaction Date | Description | Disbursement Accoun | Transaction batch | Receipt Number | Amount | From Party | To Party | Money Type | Admin Fee | Reason | Attorney | Operator |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 10/02/2020 | CREDIT | CONV | 2021002 | 1360430 | $19.15 | C001 | 000 | | N | | | DOG |
| 10/02/2020 | RECEIPT | AOCC | 2021002 | 1360420 | $27.70 | C001 | 000 | | N | | | DOG |
| 10/02/2020 | RECEIPT | CV05 | 2021002 | 1360440 | $306.00 | C001 | 000 | | N | | | DOG |
| 10/02/2020 | RECEIPT | JDMD | 2021002 | 1360450 | $100.00 | C001 | 000 | | N | | | DOG |
| 10/02/2020 | RECEIPT | VADM | 2021002 | 1360460 | $45.00 | C001 | 000 | | N | | | DOG |

## Case Action Summary

| Date: | Time | Code | Comments | Operator |
|---|---|---|---|---|
| 10/1/2020 | 2:03 PM | FILE | FILED THIS DATE: 10/01/2020          (AV01) | AJA |
| 10/1/2020 | 2:03 PM | EORD | E-ORDER FLAG SET TO "Y"          (AV01) | AJA |
| 10/1/2020 | 2:03 PM | ASSJ | ASSIGNED TO JUDGE: TAMARA HARRIS JOHNSON   (AV01) | AJA |
| 10/1/2020 | 2:03 PM | SCAN | CASE SCANNED STATUS SET TO: N          (AV01) | AJA |
| 10/1/2020 | 2:03 PM | TDMJ | JURY TRIAL REQUESTED          (AV01) | AJA |
| 10/1/2020 | 2:03 PM | ORIG | ORIGIN: INITIAL FILING          (AV01) | AJA |
| 10/1/2020 | 2:03 PM | STAT | CASE ASSIGNED STATUS OF: ACTIVE          (AV01) | AJA |
| 10/1/2020 | 2:03 PM | C001 | C001 PARTY ADDED: MILES CHARLES D.          (AV02) | AJA |
| 10/1/2020 | 2:03 PM | C001 | C001 E-ORDER FLAG SET TO "Y"          (AV02) | AJA |
| 10/1/2020 | 2:03 PM | C001 | INDIGENT FLAG SET TO: N          (AV02) | AJA |
| 10/1/2020 | 2:03 PM | C001 | LISTED AS ATTORNEY FOR C001: BALZLI STEPHANIE EME | AJA |
| 10/1/2020 | 2:03 PM | D001 | D001 PARTY ADDED: PASCHALL TRUCK LINES, INC.(AV02) | AJA |
| 10/1/2020 | 2:03 PM | D001 | INDIGENT FLAG SET TO: N          (AV02) | AJA |
| 10/1/2020 | 2:04 PM | D001 | LISTED AS ATTORNEY FOR D001: PRO SE          (AV02) | AJA |
| 10/1/2020 | 2:04 PM | D001 | CERTIFIED MAI ISSUED: 10/01/2020 TO D001   (AV02) | AJA |
| 10/1/2020 | 2:04 PM | D001 | D001 E-ORDER FLAG SET TO "Y"          (AV02) | AJA |
| 10/1/2020 | 2:04 PM | D002 | D002 PARTY ADDED: CODIE JAMES HARTENSE          (AV02) | AJA |
| 10/1/2020 | 2:04 PM | D002 | INDIGENT FLAG SET TO: N          (AV02) | AJA |
| 10/1/2020 | 2:04 PM | D002 | CERTIFIED MAI ISSUED: 10/01/2020 TO D002   (AV02) | AJA |
| 10/1/2020 | 2:04 PM | D002 | LISTED AS ATTORNEY FOR D002: PRO SE          (AV02) | AJA |
| 10/1/2020 | 2:04 PM | D002 | D002 E-ORDER FLAG SET TO "Y"          (AV02) | AJA |
| 10/1/2020 | 2:05 PM | ECOMP | COMPLAINT E-FILED. | EME008 |
| 10/2/2020 | 9:32 AM | ESCAN | SCAN - FILED 10/2/2020 - NOTICE | SHB |
| 10/13/2020 | 8:35 AM | D001 | SERVICE OF CERTIFIED MAI ON 10/09/2020 FOR D001 | RON |
| 10/13/2020 | 8:38 AM | ESERC | SERVICE RETURN | RON |

## Images

| Date: | Doc# | Title | Description | Pages |
|---|---|---|---|---|
| 10/1/2020 2:05:06 PM | 1 | CIVIL_COVER_SHEET | CIRCUIT COURT - CIVIL CASE | 1 |
| 10/1/2020 2:05:06 PM | 2 | COMPLAINT | | 6 |
| 10/1/2020 2:05:06 PM | 3 | INTERROGATORIES(R33) | PLAINTIFF'S FIRST INTERROGATORIES AND REQUESTS FOR PRODUCTION TO DEFENDANT PASCHALL TRUCK LINES, INC. | 10 |
| 10/1/2020 2:05:07 PM | 4 | INTERROGATORIES(R33) | PLAINTIFFS' FIRST INTERROGATORIES AND REQUESTS FOR PRODUCTION TO DEFENDANT JAMES HARTENSE CODIE | 9 |
| 10/1/2020 2:06:23 PM | 5 | COMPLAINT - TRANSMITTAL | E-NOTICE TRANSMITTALS | 3 |
| 10/1/2020 2:06:23 PM | 6 | COMPLAINT - SUMMONS | E-NOTICE TRANSMITTALS | 2 |
| 10/2/2020 9:32:23 AM | 7 | NOTICE | TO CLERK | 3 |
| 10/13/2020 8:38:01 AM | 9 | SERVICE RETURN - TRANSMITTAL | E-NOTICE TRANSMITTALS | 1 |
| 10/13/2020 8:37:53 AM | 8 | SERVICE RETURN | SERVICE RETURN | 2 |

 **END OF THE REPORT**

ELECTRONICALLY FILED
10/1/2020 2:05 PM
01-CV-2020-903403.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
JACQUELINE ANDERSON SMITH, CLERK

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93  Rev. 9/18 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Case<br>01<br><br>Date of Filing:<br>10/01/2020 | Judge Code: |

## GENERAL INFORMATION

### IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
### CHARLES D. MILES v. PASCHALL TRUCK LINES, INC. ET AL

**First Plaintiff:** ☐ Business ☑ Individual ☐ Government ☐ Other    **First Defendant:** ☑ Business ☐ Individual ☐ Government ☐ Other

---

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
- ☐ WDEA - Wrongful Death
- ☐ TONG - Negligence: General
- ☑ TOMV - Negligence: Motor Vehicle
- ☐ TOWA - Wantonness
- ☐ TOPL - Product Liability/AEMLD
- ☐ TOMM - Malpractice-Medical
- ☐ TOLM - Malpractice-Legal
- ☐ TOOM - Malpractice-Other
- ☐ TBFM - Fraud/Bad Faith/Misrepresentation
- ☐ TOXX - Other:_____

**TORTS: PERSONAL INJURY**
- ☐ TOPE - Personal Property
- ☐ TORE - Real Properly

**OTHER CIVIL FILINGS**
- ☐ ABAN - Abandoned Automobile
- ☐ ACCT - Account & Nonmortgage
- ☐ APAA - Administrative Agency Appeal
- ☐ ADPA - Administrative Procedure Act
- ☐ ANPS - Adults in Need of Protective Services

**OTHER CIVIL FILINGS  (cont'd)**
- ☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/ Enforcement of Agency Subpoena/Petition to Preserve
- ☐ CVRT - Civil Rights
- ☐ COND - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP - Contempt of Court
- ☐ CONT - Contract/Ejectment/Writ of Seizure
- ☐ TOCN - Conversion
- ☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/ Injunction Election Contest/Quiet Title/Sale For Division
- ☐ CVUD - Eviction Appeal/Unlawful Detainer
- ☐ FORJ - Foreign Judgment
- ☐ FORF - Fruits of Crime Forfeiture
- ☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB - Protection From Abuse
- ☐ EPFA - Elder Protection From Abuse
- ☐ FELA - Railroad/Seaman (FELA)
- ☐ RPRO - Real Property
- ☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP - Workers' Compensation
- ☐ CVXX - Miscellaneous Circuit Civil Case

---

**ORIGIN:**    F ☑ INITIAL FILING    A ☐ APPEAL FROM DISTRICT COURT    O ☐ OTHER

R ☐ REMANDED    T ☐ TRANSFERRED FROM OTHER CIRCUIT COURT

---

**HAS JURY TRIAL BEEN DEMANDED?** ☑ YES ☐ NO    **Note:** Checking "Yes" does not constitute a demand for a jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

---

**RELIEF REQUESTED:**    ☑ MONETARY AWARD REQUESTED    ☐ NO MONETARY AWARD REQUESTED

---

**ATTORNEY CODE:**

| EME008 | 10/1/2020 2:05:17 PM | /s/ STEPHANIE EMENS BALZLI |
| | Date | Signature of Attorney/Party filing this form |

---

**MEDIATION REQUESTED:**    ☐ YES ☐ NO ☑ UNDECIDED

**Election to Proceed under the Alabama Rules for Expedited Civil Actions:**    ☐ YES ☑ NO

ELECTRONICALLY FILED
10/1/2020 2:05 PM
01-CV-2020-903403.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
JACQUELINE ANDERSON  SMITH, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

| | | |
|---|---|---|
| **CHARLES D. MILES, an individual;** | ) | ***JURY TRIAL IS REQUESTED*** |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CASE NO.: CV-2020-_____** |
| | ) | |
| **PASCHALL TRUCK LINES, INC. a corporation;** | ) | |
| | ) | |
| **JAMES HARTENSE CODIE, an individual;** | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

---

## PLAINTIFF'S COMPLAINT

---

COMES NOW the Plaintiff, Charles D. Miles, and for his Complaint against the Defendants states as follows:

### I.  INTRODUCTION

1.      This case arises out of a motor vehicle collision in Jefferson County, Alabama, on May 18, 2019.

2.      Plaintiff, Charles Miles, is an individual over the age of nineteen (19) years and is a resident of Tuscaloosa County, Alabama.

3.      Based upon information and belief, Defendant, Paschall Truck Lines, Inc., is a Kentucky corporation doing substantial business in Jefferson County, Alabama.

4.      Defendant, James Hartense Codie is an individual over the age of nineteen (19) years and is, upon information and belief, a resident of Durham, North Carolina.

5.      The amount the Plaintiff is see Codie to recover exceeds the jurisdictional minimums of this Court.

## II.  FACTUAL BACKGROUND

6.      On May 18, 2019, Plaintiff Charles Miles was driving west on 12th Avenue North in the right lane.

7.      At the same time, Defendant James Codie was also driving west on 12th Avenue North, in a Freightliner tractor-trailer unit owned by Defendant Paschall Truck Lines, Inc..

8.      The Plaintiff and Defendant were traveling in adjacent lanes, with Mr. Codie in the left lane and Mr. Miles in the right lane.

9.      Defendant Codie attempted to make a right turn onto 29th street North from the lefthand lane, and in doing so collided with Mr. Miles, who was at that time in the right lane adjacent to Defendant Codie.

10.     As a proximate consequence of Defendant's negligence and wantonness, the Plaintiff was injured, harmed and damaged as set forth in Section V of Plaintiff's Complaint.

11.     At all times material to the instant action, Defendant Codie was acting in the line and scope of his employment as a driver for Paschall Truck Lines, Inc..

## III.  COUNT ONE - NEGLIGENCE

12.     Plaintiff re-alleges all preceding paragraphs of the Complaint as if fully set forth herein.

13.     At the aforesaid time and place, Defendant James Codie owed a duty to Plaintiff to, *inter alia*, keep a proper lookout, maintain control of the tractor-trailer, and not to change lanes or begin a turn without first ensuring it was safe to do so.

14.     Defendant breached his duties to Plaintiff by failing to keep a proper lookout, failing to maintain control of the tractor-trailer, and by changing lanes without first ensuring it was safe to do so.

15.     As a proximate consequence of the negligence of Defendant, Plaintiff was injured and damaged as set forth below, herein.

## IV.  COUNT TWO – WANTONNESS / RECKLESSNESS

16.     Plaintiff re-alleges all preceding paragraphs of the Complaint as if fully set forth herein.

17.     At the aforesaid time and place, Defendant operated the tractor-trailer vehicle, *inter alia*, at an unsafe speed, with no regard for the presence of other motorists and with conscious disregard for the safety of others.

18.     As a proximate consequence of the wantonness and/or recklessness of the Defendant, Mr. Miles was injured and damaged as set forth below.

## V.    COUNT THREE – RESPONDEAT SUPERIOR

20.     Plaintiff re-alleges all preceding paragraphs of this Complaint as if fully set forth herein.

21.     At the time and place of the incident made the basis of this suit, Defendant Codie was operating a commercial motor vehicle in the line and scope of his employment for Defendant Paschall Truck Lines, Inc.    As such, Defendant Paschall Truck Lines, Inc. was the master or principal of Defendant Codie and is vicariously liable for his actions.  Said negligent and/or wanton conduct was a proximate cause of the Plaintiff's injuries and damages described below.

## VI.    COUNT FOUR– NEGLIGENT/WANTON HIRING, TRAINING, SUPERVISION AND RETENTION

22.     Plaintiff re-alleges all preceding paragraphs of this Complaint as if fully set forth herein.

23.     At the time of the occasion made the basis of this lawsuit, and for some time prior thereto, Defendant Paschall Truck Lines, Inc. was responsible for the hiring, training, supervising, and retention of Defendant Codie.  Defendant Paschall Truck Lines, Inc. negligently and/or wantonly failed to hire, train, supervise, and retain Defendant Codie.  Said negligent and/or wanton conduct was a proximate cause of the Plaintiff's injuries and damages described below.

## VII.  COUNT FIVE – NEGLIGENT/WANTON ENTRUSTMENT

24.     Plaintiff re-alleges all preceding paragraphs of this Complaint as if fully set forth herein.

25.     At the time of the accident made the basis of this Complaint, Defendant Paschall Truck Lines, Inc. was the owner of, and had the right of control over the use of the commercial vehicle driven by Defendant Codie.  Defendant Paschall Truck Lines, Inc. negligently and/or wantonly entrusted said vehicle to Defendant Codie, who negligently and/or wantonly operated said vehicle injuring the Plaintiff.  Said negligent and/or wanton conduct was a proximate cause of the Plaintiff's injuries and damages described below.

## VIII.  DAMAGES

26.     As a proximate consequence of Defendant's negligence and wantonness, Plaintiff was injured, harmed and damaged as follows:

(a)     He suffered injuries to his neck, back, shoulders, and wrist;

(b)     He has experienced and continues to experience mental anguish and is reasonably certain to experience mental anguish in the future;

(c)     He was permanently injured, disfigured and damaged;

(d)     He caused to incur personal injury medical expenses for treatment from various doctors, physicians, and hospitals;

(e)     He was caused to incur out-of-pocket medical expenses;

(f)     He is reasonably certain to incur personal injury medical expenses in the future;

(g)     He caused to suffer both past and future lost wages, loss of income, loss of earnings capacity, and lost employment benefits; and

(h)     He suffered aggravations of pre-existing condition(s).

## IX. JURY DEMAND

27.     Plaintiff requests a trial by struck jury.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment against Defendants for general and compensatory damages that the court may determine, together with interest from the date of the injury plus the costs of this action. Further, Plaintiff requests that the jury selected to hear this case render a verdict against each Defendant and award punitive damages to Plaintiff in an amount which will adequately reflect the enormity of the Defendants' wrongful acts and/or omissions and which will effectively prevent other similar wrongful acts/omissions.

Respectfully submitted,

/s/ Stephanie Emens Balzli
Stephanie Emens Balzli    (EME008)
Attorney for Plaintiff

**OF COUNSEL:**
Shunnarah Personal Injury Lawyers
2900 1st Avenue South
Birmingham, AL 35233
P: (205) 983-8150
F: (205) 983-8450
E: SBalzli@asilpc.com

Plaintiff's Address:
Charles Miles
c/o Stephanie Emens Balzli
Shunnarah Injury Lawyers, P.C.
2900 1st Avenue South
Birmingham, Alabama 35233

## <u>REQUEST FOR SERVICE BY CERTIFIED MAIL BY CLERK</u>

Pursuant to ARCP 4.1 and 4.2, Plaintiff requests that the Clerk direct service of the foregoing

"Summons and Complaint" by certified mail, addressed as follows:

Paschall Truck Lines, Inc.
3443 HIGHWAY 641 SOUTH
MURRAY, KY 42071

James Codie
1103 Proctor Street
Durham, NC 27707

**/s/ Stephanie Emens Balzli**

_____

OF COUNSEL

ELECTRONICALLY FILED
10/1/2020 2:05 PM
01-CV-2020-903403.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
JACQUELINE ANDERSON SMITH, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

| | | |
|---|---|---|
| **CHARLES D. MILES, an individual;** | ) | ***JURY TRIAL IS REQUESTED*** |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CASE NO.: CV-2020-_____** |
| | ) | |
| **PASCHALL TRUCK LINES, INC. a** | ) | |
| **corporation;** | ) | |
| **JAMES HARTENSE CODIE, an** | ) | |
| **individual;** | ) | |
| | ) | |
| **Defendants.** | ) | |

### PLAINTIFF'S FIRST INTERROGATORIES AND REQUESTS FOR PRODUCTION TO DEFENDANT PASCHALL TRUCK LINES, INC.

COMES NOW the Plaintiff, and hereby serves the following Consolidated Interrogatories and Requests for Production to Defendant PASCHALL TRUCK LINES, INC. to be answered in accordance with the *Alabama Rules of Civil Procedure*:

### DEFINITIONS

The following words, when used in these Interrogatories, unless otherwise indicated, shall mean:

A. The terms "You" and "Your" refer to the Defendant, Paschall Truck Lines, Inc. and to its present or former agents, attorneys, representatives and other persons who have acted or purported to act on its behalf pursuant to contract or otherwise in any of the matters covered by these interrogatories and request for production, whether or not it is contended that such entity or person had authority to act on behalf thereof.

B. The term "incident" refers to the May 18, 2019 motor vehicle collision that is the basis of Plaintiff's Complaint;

C. The term "Your Driver" or "the truck driver" shall refer to James Hartense Codie, the person that was driving the subject tractor-trailer involved in the incident;

1

D.    The term "subject tractor-trailer" refers to the tractor-trailer that was involved in the incident;

E.    "Communication" means any oral or written exchange of words, thoughts or ideas with another person(s), whether person-to-person, in a group, in a meeting, by telephone, letter, telefax, electronic mail, or otherwise, and including without limitation any printed, typed, handwritten or other readable document and any tape recording, correspondence, memorandum, report, contract, diary, log book, minutes, notes, study, survey and/or forecast.

F.    The "Document" or "Documents" shall have their customary broad meanings and shall include, without limitation, all originals, copies and drafts of all written, typewritten, recorded, transcribed, printed, taped, photographic or graphic material, however produced or reproduced, whether sent or received, or neither, including but not limited to, all books, pamphlets, articles, newspapers, press releases, magazines, booklets, circulars, handbooks, manuals, periodicals, letters, memoranda, files, envelopes, notices, instructions, reports, financial reports, records, studies, transcripts, diaries (formal or informal), audited and un-audited financial statements, working papers, questionnaires, notes, notations, charts, lists, comparisons, telegrams, cables, telex messages, communications (including intra-corporate communications, and reports, notes, notations and memoranda of, or relating to, telephone conversations and conferences), minutes, transcriptions, correspondence, agreements, graphs, tabulations, analyses, evaluations, tests, projections, opinions or reports, statements, summaries, desk calendars, appointment books, telephone logs, telephone bills, surveys, indices, tapes, computer inputs or outputs, computer memory, computer disks, electronic mail, microfilm, magnetic tapes, photographs, installation guides and instruction material within your possession, custody or control. Different versions of the same documents, including but not limited to, drafts or documents with handwritten notations or marks not found in the original or other copies or different documents.

G.    "Person" means any natural person as well as any firm, partnership, proprietorship, association, institution, joint venture, corporation, government entity, administrative agency, professional association and any other organization.

H.    "Identify," when used in reference to a natural person, means to provide that person's name, last known home and business addresses, last known home and business telephone numbers, present employer and job title.

I.    "Identify," when used in reference to a person that is a corporation, partnership, proprietorship, association, business, or other such group, means to provide the person's full name, address, telephone number, form of organization and a description of its business activities.

2

J.      "Identify," when used in reference to a document, means to provide a brief description of the document including its date, author, addressee, number of recipients, forum (that is, letter, invoice, blueprint, etc.), subject matter, length, and the present custody of each copy of the document having notations unique to such copy.

K.      "Identify," when used in reference to an oral communication, means to state the date of the communication and the place or places where the communication occurred, and to identify each person who took part or heard the communication, to provide a description of the subject matter of the communication, and to identify each document that refers or relates to or evidences the communication.

L.      "Date" refers to the exact day, month, and year, if known, or, if not known, best approximation including, as appropriate to the situation, relationship to the offense.

M.      "Plaintiff" shall refer to Charles Miles, and any present or former agents, attorneys, representatives and all other persons who have acted or purported to act on his behalf pursuant to contract or otherwise in any of the materials covered by these interrogatories and requests for production, whether or not it is contended that such entity or person had authority to act on behalf thereof.

N.      **_PRIVILEGE LOG_**: For each and every requested document that is claimed to be privileged: (i)  identify the document by date, author, addressor and addressee; (ii)  identify the person who presently has custody, control or possession of the original and all copies thereof; (iii)  state specifically each and every ground on which the claim of privilege is based; (iv)  identify each person (by name, address, employer, job description or position at present) who received, or had access in the ordinary course of business to, the original and/or any copy of the document from the time the document was originated until the present.

## INTERROGATORIES

1.      Have you been named properly in Plaintiff's Complaint?  If not, please identify your proper designation and whether you are a common carrier, contract carrier, or private carrier.

2.      Are you owned by or a subsidiary of another company, entity or person?  If so, please identify the other company, entity or person.

3.      Identify the name, address and phone number of each person who has knowledge of the incident.

4.      Identify the name and address of every person from whom you, or anyone on your behalf, has obtained a statement, either oral or in writing, concerning the facts of the incident.  (NOTE: this request does not seek the substance of each such communication and therefore does _**not**_ call for

privileged or otherwise protected information).

5.      Set forth the names and addresses of all insurance companies which have liability insurance coverage for the truck and/or tractor and/or trailer and/or tanker involved in the incident, setting forth the number or numbers of the policies involved, the amount or amounts of liability coverage provided in each policy, and stating whether such insurance policies contain the MCS-90 endorsements or equivalent endorsements required by law.

6.      Who was the owner of the tractor/truck/tanker involved in the incident?  If you were not the owner of the tractor, state whether same was operated by your company under lease and provide the name, address, and telephone number of the lessor.

7.      Fully identify and describe the trailer, by stating the year of manufacture, manufacturer, model and configuration.  If you were not the owner of the trailer, state whether same was used by your company under lease and provide the name, address, and telephone number of the lessor.

8.      Is the driver of the tractor trailer involved in the incident your regular employee? If so, state the date that employment began and whether he is still in your employ.

9.      State whether you have retained a driver qualification file in your company offices for the driver of the vehicle involved in the incident. If so, list each of the documents in that file.

10.     State whether you have knowledge of any traffic violations committed by the driver either while in your employ or in prior employment. If so, state all information you have in that regard.

11.     State whether you have knowledge of any hours of service violations committed by the driver either while in your employ or in prior employment. If so, state all information you have in that regard.

12.     State whether any disciplinary action was taken either by you or a company union against the driver as a result of his or her driving on the date of the incident from which this lawsuit arose.  If not, state whether any was considered, and if the driver's actions and/or inactions were reviewed by any person(s), providing the details thereof.

13.     Do you have a safety director? If so, state his or her full name and any and all titles.

14.     State the place of origin and the place of destination of the truck involved in the incident, including in your answer the exact time when the truck left its place of origin and what the scheduled arrival time was at the place of destination.

15.     Identify the location of the last pickup or delivery made by the driver prior to the subject incident, providing the exact name and address of each location with the date and time of pickup or delivery.

4

16.     State whether the truck/trailer was transporting a load of cargo at the time of the incident and if so, identify the load carried inside the trailer at the time of the incident, and state the intended destination, including the name and address of the intended delivery location, the scheduled delivery time and date, and the names, addresses and telephone numbers of the shipper(s) and the names, addresses and telephone numbers of the consignee(s).

17.     State whether the truck and/or the trailer underwent any repairs during the trip. If so, state the nature of the repairs and the names, addresses and telephone numbers of the repair facilities.

18.     Does your company retain possession of repair and warranty invoices and bills covering the history of the truck/trailer? If not, who does?

19.     Does the truck involved in the incident have an on-board computer, log auditing software and/or log auditing device? If so, identify all such computers, software, devices, disks, computer tapes and other written materials generated and/or used during the trip. Are these items in your company's possession?

20.     Please set forth in detail the driver training program of the Defendants as of the date of the incident, including requirements relating to onboard driver training, safety training, seminars, defensive driving courses, hours of service, safety meetings, probationary periods, etc. together with each and every revision or modification to date, including the date of each such revision or modification and the substance of each such revision or modification.

21.     Have you ever been notified by the truck driver of a conviction(s) or suspension(s) for violating a state or local law relating to motor vehicle traffic control? (pursuant to 49 CFR 383.31)

22.     Has the truck driver ever been disqualified from driving a truck when in your employ? If so, when and under what circumstances?

23.     Please set forth a 10 year complete driving record of the driver, including a list of all incidents and violations and citations of state or federal laws or regulations, setting forth the date of each incident or citation, brief description of each incident and/or nature of each citation or violation, state of violation or citation, specifically to include a narrative summary of all of the information requested.

24.     Please set forth in detail the driver hiring requirements of the Defendants beginning three (3) years prior to the incident and up to present, including requirements relating to experience, training, prior incidents, prior violations, etc., together with each and every revision or modification to date, including the date of each such revision or modification and the substance of each such revision or modification.

25.     State whether the truck/tractor/trailer/rig involved in the collision was equipped with any type of on-board recording device. If so, state the type of device, what information was recorded, and for what periods of time.

5

26.     Were any investigative or other reports prepared, compiled, submitted, or made by you or on your behalf in the regular course of business or in preparation for litigation, as a result of the incident in question.

27.     Identify the date on which the driver was hired, the identity of the person who hired the driver, the identity of the driver's supervisor and the terms of any written or oral contract of employment or other contract between the driver and his employer.

28.     Identify all cellular telephone companies for which the driver had a phone on the date of the incident. Additionally, please identify all such phone numbers associated with any cellular telephone referenced above.

29.     State whether the truck/tractor/trailer/rig involved in the collision was equipped with the QUALCOMM OMNITRAX system or any other type of satellite tracking system. If so, list the records in your possession of the truck's activities which were generated by the QUALCOMM system.

30.     What data was retrieved from the subject tractor-trailer following the incident? For each type of data, please state:
        a.     Names of all persons present during the retrieval
        b.     Description of data downloaded – i.e. source, method of retrieval, and method of storage

## **REQUESTS FOR PRODUCTION**

***Please produce*:**

1.     The entire personnel file of Your Driver.

2.     The entire human resources file of Your Driver.

3.     Your Driver's employment application and any notes or documentation regarding his interview for employment.

4.     The entire driver qualification file or any file regarding any investigation into the qualifications of Your Driver before he was hired or retained.

5.     Reports received or generated regarding Your Driver's safety record before and after he was hired.

6.     Your Driver's driving record secured by you before he was hired.

7.     All documents regarding Your Driver's employment history.

6

8.      Any and all cellular and telephone records, including bills of Your Driver, for the date of the incident and seven (7) days prior and seven (7) days after.

9.      All medical documentation in your possession regarding Your Driver's health, including but not limited to: physicals, drug testing, vision testing, etc.

10.     All long form DOT physicals of Your Driver.

11.     A copy of Your Driver's license.

12.     The entire drug and alcohol file of Your Driver including, but not limited to, pre-employment, post-incident, random, reasonable suspicion and return to duty drug and alcohol testing results.

13.     Any and all records of health insurance claims, disability claims, sickness or doctors' excuses or the entire medical records chart of the Your Driver for three (3) years prior to the incident.

14.     All records regarding Your Driver for the seven (7) days prior to the incident and for the day of the incident, which documents you are required to retain under 49 C.F.R. §395.8 (k) and subsequent DOT guidance and interpretation of "supporting documents":

15.     All documents prepared during the regular course of business as a result of the incident.

16.     All photographs of any of the vehicles involved in the incident and the scene of the incident.

17.     All photographs that have any relevancy pertaining to this action.

18.     All video surveillance and/or photographic imaging of the Plaintiff.

19.     The employee handbook and/or driver's manual issued to Your Driver.

20.     All safety manuals and driver manuals in effect at the time of the incident, including any rules or guidelines pertaining to right turns.

21.     All insurance policies including liability, general liability, excess umbrella that will or may pertain to the subject loss.

22.     All witness statements.

23.     All documents received pursuant to subpoenas.

24.     Copies of any treatise, standards in the industry, legal authority, rule, case, statute or code that will be relied upon in the defense of this case.

25.     All materials that you plan to use as evidence at trial.

26.     The Permanent Unit File or its equivalent including, but not limited to, records relating to the repairs, maintenance, and costs for the vehicle involved in the incident.

27.     All leases pertaining to the subject tractor-trailer, if any, as well as any contracts with lessors including contracts of indemnity.

28.     Any and all DOT and State inspections of the vehicle involved in the incident for the year of the incident and one (1) year prior.

29.     Copies of any and all satellite communications and e-mail for the day of the incident and seven (7) days prior, as well as all recorded ECM data with reference to all data available, including:

        a.      trip distance;
        b.      total vehicle driving time;
        c.      load factor;
        d.      vehicle speed limit;
        e.      maximum vehicle speed recorded;
        f.      number of hard brake incidents;
        g.      current engine speed (rpm);
        h.      maximum and minimum cruise speed limits;
        i.      total vehicle driving distance;
        j.      fuel consumption (gal./hr.);
        k.      idle time;
        l.      engine governed speed;
        m.      maximum engine speed recorded;
        n.      current throttle position;
        o.      brake switch status (on/off);
        p.      odometer;
        q.      trip driving time;
        r.      overall fuel economy (MPG);
        s.      average driving speed;
        t.      number of engine overspeeds;
        u.      number of vehicle overspeeds;
        v.      current vehicle speed (MPH);
        w.      clutch switch status (on/off); and

8

       x.     clock.

30.     Copies of any and all printouts and copies of any and all electronic files of data for any vehicle involved in the incident including but not limited to the following sources:

     a.     Electronic Control Module (ECM)
     b.     Airbag Control Module (ACM)
     c.     Powertrain Control Module (PCM)
     d.     Roll Over Sensor (ROS)
     e.     Event Data Recorder or any device or function in either vehicle that records any vehicle or occupant based data

31.     Regarding any person whom you expect to call as an expert witness at trial, please provide the following:

     a.     All notes, correspondence, bills, invoices, diagrams, photographs, x-rays or other documents prepared or reviewed by each person whom you expect to call as an expert witness at trial.

     b.     All written reports of each person whom you expect to call as an expert witness at trial, including any drafts.

     c.     All documents upon which any expert witness you intend to call at trial relied to form an opinion.

     d.     All invoices generated by expert witnesses for performing all expert witness services to Defendants, including but not limited to, the fees for the medical examination, the records review, the pretrial preparation, any telephone conference, any trial testimony anticipated and any other fee paid by the Defendants for expert fees.

     e.     Any and all correspondence exchanged between counsel for this Defendant and any expert.

     f.     Any expert's current fee schedule.

     g.     The most recent resume or curriculum vitae of each expert whom you expect to call as an expert witness at trial, including a list of that expert's prior cases in the last three years.

Respectfully Submitted,


**/s/ Stephanie Emens Balzli**
Stephanie Emens Balzli (EME008)
Attorney for Plaintiff

**OF COUNSEL:**
**SHUNNARAH INJURY ATTORNEYS, PC**
2900 First Avenue South
Birmingham, AL 35233
Phone: (205) 983-8150
Fax: (205) 983-8450
sbalzli@asilpc.com


**TO BE SERVED WITH SUMMONS AND COMPLAINT**

ELECTRONICALLY FILED
10/1/2020 2:05 PM
01-CV-2020-903403.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
JACQUELINE ANDERSON  SMITH, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

| | | |
|---|---|---|
| **CHARLES D. MILES, an individual;** | ) | ***JURY TRIAL IS REQUESTED*** |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CASE NO.: CV-2020-_____** |
| | ) | |
| **PASCHALL   TRUCK   LINES,   INC. a** | ) | |
| **corporation;** | ) | |
| **JAMES HARTENSE CODIE, an** | ) | |
| **individual;** | ) | |
| | ) | |
| **Defendants.** | ) | |

## PLAINTIFFS' FIRST INTERROGATORIES AND REQUESTS FOR PRODUCTION TO DEFENDANT JAMES HARTENSE CODIE

COMES NOW the Plaintiff, and hereby serves the following Consolidated Interrogatories and

Requests for Production to Defendant, JAMES HARTENSE CODIE, to be answered in accordance

with the *Alabama Rules of Civil Procedure*:

## DEFINITIONS

The following words, when used in these Interrogatories, unless otherwise indicated, shall

mean:

A.     The terms "You" and "Your" refer to the Defendant, James Hartense Codie, and to his present or former agents, attorneys, representatives and other persons who have acted or purported to act on his behalf pursuant to contract or otherwise in any of the matters covered by these interrogatories and request for production, whether or not it is contended that such entity or person had authority to act on behalf thereof.

B.     The term "incident" refers to the May 18, 2019  motor vehicle incident that is the basis of Plaintiff's Complaint;

C.     "Communication" means any oral or written exchange of words, thoughts or ideas with another person(s), whether person-to-person, in a group, in a meeting, by telephone, letter, telefax, electronic mail, or otherwise, and including without limitation any printed, typed, handwritten or other readable document and any tape

1

recording, correspondence, memorandum, report, contract, diary, log book, minutes, notes, study, survey and/or forecast.

D.    The "Document" or "Documents" shall have their customary broad meanings and shall include, without limitation, all originals, copies and drafts of all written, typewritten, recorded, transcribed, printed, taped, photographic or graphic material, however produced or reproduced, whether sent or received, or neither, including but not limited to, all books, pamphlets, articles, newspapers, press releases, magazines, booklets, circulars, handbooks, manuals, periodicals, files, memoranda, files, envelopes, notices, instructions, reports, financial reports, records, studies, transcripts, diaries (formal or informal), audited and un-audited financial statements, working papers, questionnaires, notes, notations, charts, lists, comparisons, telegrams, cables, telex messages, communications (including intra-corporate communications, and reports, notes, notations and memoranda of, or relating to, telephone conversations and conferences), minutes, transcriptions, correspondence, agreements, graphs, tabulations, analyses, evaluations, tests, projections, opinions or reports, statements, summaries, desk calendars, appointment books, telephone logs, telephone bills, surveys, indices, tapes, computer inputs or outputs, computer memory, computer disks, electronic mail, microfilm, magnetic tapes, photographs, installation guides and instruction material within your possession, custody or control. Different versions of the same documents, including but not limited to, drafts or documents with handwritten notations or marks not found in the original or other copies or different documents.

E.    "Person" means any natural person as well as any firm, partnership, proprietorship, association, institution, joint venture, corporation, government entity, administrative agency, professional association and any other organization.

F.    "Identify," when used in reference to a natural person, means to provide that person's name, last known home and business addresses, last known home and business telephone numbers, present employer and job title.

G.    "Identify," when used in reference to a person that is a corporation, partnership, proprietorship, association, business, or other such group, means to provide the person's full name, address, telephone number, form of organization and a description of its business activities.

H.    "Identify," when used in reference to a document, means to provide a brief description of the document including its date, author, addressee, number of recipients, forum (that is, letter, invoice, blueprint, etc.), subject matter, length, and the present custody of each copy of the document having notations unique to such copy.

I.    "Identify," when used in reference to an oral communication, means to state the date

of the communication and the place or places where the communication occurred, and to identify each person who took part or heard the communication, to provide a description of the subject matter of the communication, and to identify each document that refers or relates to or evidences the communication.

J.      "Date" refers to the exact day, month, and year, if known, or, if not known, best approximation including, as appropriate to the situation, relationship to the offense.

K.      "Plaintiff" shall refer to Charles Miles and any present or former agents, attorneys, representatives and all other persons who have acted or purported to act on his behalf pursuant to contract or otherwise in any of the materials covered by these interrogatories and requests for production, whether or not it is contended that such entity or person had authority to act on behalf thereof.

L.      ***PRIVILEGE LOG***: For each and every requested document that is claimed to be privileged: (i)  identify the document by date, author, addressor and addressee; (ii) identify the person who presently has custody, control or possession of the original and all copies thereof; (iii)  state specifically each and every ground on which the claim of privilege is based; (iv)   identify each person (by name, address, employer, job description or position at present) who received, or had access in the ordinary course of business to, the original and/or any copy of the document from the time the document was originated until the present.

## INTERROGATORIES

1.      Provide the following background information:

   a.      Name:
   b.      Other names you have gone by:
   c.      Residence address:
   d.      All states you have lived in besides Alabama, and dates of residence:
   e.      Date of Birth:
   f.      SSN:
   g.      Driver's License Number:
   h.      States in which you have held a DL or CDL and the issue date for each license:

2.      List every family member or relative that you have, or your spouse has, living in Jefferson County where this action is pending, including in your answer each such person's name, address, employer and nature of relation.

3.      For each employer in the past ten years, state the following:

   a.      Name of Employer

3

b.　　Address
c.　　Position(s) Held
d.　　Dates of employment
e.　　Reason for Leaving

4.　　Identify all of your commercial driving licenses including endorsements (for example, double/triple trailers endorsements; passenger endorsement; tank vehicle endorsement; hazardous materials endorsement).

5.　　As to your position with Paschall Truck Lines, Inc., provide the following:

a.　　What was your status on the date of the incident? (employed company driver, leased driver, etc.)
b.　　Explain how you were paid (by the hour, salary, by the load/mile, etc)
c.　　Identify and explain all instances when you were disciplined, counseled, reprimanded, written up, or had any negative employment action taken against you;
d.　　If you have been terminated, explain when and why you were terminated.

6.　　Please state whether you or anyone on your behalf prepared a written report of the incident for your employer and, if so, state the date of such report and the names, addresses and representative capacities of all persons presently having possession of the original and copies of such report.

7.　　If you have been arrested, charged, warned and/or cited for *any* violation of any ordinance, law and/or regulation in the past fifteen years, for each violation identify the charge, jurisdiction, date, and disposition.  This includes all traffic violations, licensing violations, vehicle and/or driver inspection violations, and all violations of any criminal code and law.

8.　　Have you ever been convicted, plead guilty or no contest to, or forfeited bond as to any of the following offenses:

a.　　a felony involving the use of a commercial motor vehicle;

b.　　leaving the scene of an accident involving a commercial vehicle;

c.　　driving a commercial vehicle while under the influence of alcohol where your blood alcohol concentration was 0.04 percent or more, or driving with an unlawful alcohol concentration, or driving under the influence of alcohol as prescribed by state law;

d.　　refusing to undergo such testing as is required by any state or jurisdiction; or

4

       e.     driving a commercial vehicle while under the influence of a controlled substance?

9.    Have you ever received an out of service order? If so, please explain the circumstances and where you were employed at the time.

10.    Have you had any medical condition in the past ten years that could affect your ability to operate a motor vehicle (including but not limited to any condition affecting vision, hearing, blood pressure, nervous system, endocrine system, motor skills, sensory abilities, etc.)? If so, describe in detail each condition, who has treated you for the condition, and the nature and dates of these treatments.

11.    State whether or not you consumed any alcoholic beverages, prescription drugs, non-prescription drugs, or medications within twelve (12) hours prior to the incident and if so, state the type of beverage or drug consumed, when and where you consumed it and the amount/quantity consumed.

12.    State the name and address of each person accompanying you at the time of the incident, including anyone that may have been following/leading you in a separate vehicle to a common destination.

13.    Describe with particularity exactly what occurred in the five minutes leading up to, and including, the incident.

14.    Describe in detail any and all conversations that took place between you and the Plaintiff, and/or anyone else at the incident site.

15.    Aside from conversations between persons, state whether you overheard any unilateral statements, exclamations, declarations, etc., made by the Plaintiff and/or anyone else at the incident site, including in your answer the name of the person that made the statement and the substance of it.

16.    Identify the name, address and phone number of each person who has knowledge of the incident.

17.    Identify the name and address of every person from whom you, or anyone on your behalf, has obtained a statement, either oral or in writing, concerning the facts of the incident. (NOTE: this request does not seek the substance of each such communication and therefore does *not* call for privileged or otherwise protected information).

18.    Did you take any photographs of the vehicles, scene, roadway and/or persons involved in the incident? If so, please identify the device used to take such photographs and generally describe what was photographed.

19.    Do you contend that some mechanical failure or defect in the vehicle or on the road contributed to the incident? If so, please describe the failure/defect.

20.     Do you contend that you have a medical condition that contributed to this incident?  If so, please identify the condition and describe in detail the way in which same contributed to the incident.

21.     If you sought medical treatment within one week (seven days) of the incident, please identify the name and address of the treatment provider and the dates of treatment.

22.     Identify all other traffic incidents you have been in while operating a commercial motor vehicle, specifying the date, location, parties involved, whether you were at fault and whether you were injured.

23.     State the name, address and phone number of each person you expect to call as a witness at the trial of this case.

24.     State whether you expect to call any expert witness at the trial of this case and, if so, identify his/her name and address, education, experience and qualifications, the subject matter upon which each such expert is expected to testify, the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion.

25.     State whether you owned or otherwise possessed a mobile phone device at the time of the incident.  If so, please identify the name of the owner of the device, the number and the cellular/digital provider.

26.     Do you contend the Plaintiff did anything to cause or contribute to the accident made the basis of this lawsuit?

27.     Have you ever been a party to a lawsuit (either as a plaintiff or as a defendant)?  If your answer is in the affirmative, please identify the style, civil action number, venue and brief description of the nature of the suit.

28.     Identify each person with whom you communicated in any way regarding the Subject Incident at any time and provide the details of when, why, where, and for what purpose these communications occurred.  Communications for which you assert a privilege should be identified on a privilege log.

29.     For the time period starting 48 hours before the Subject Incident and ending 48 hours after the Subject Incident, identify and explain all communications of any kind (in person, on phone, text message, e-mail, Qualcomm, other) between you and anyone acting for or on behalf of Paschall Truck Lines, Inc., anyone acting for or on behalf of any insurance company, and/or anyone else for any purpose. Communications for which you assert a privilege should be identified on a privilege log.

30.     Identify all training you have received in connection with operating a commercial

6

motor vehicle, including courses taken to obtain your Commercial Driver's License (CDL) and training received since obtaining your CDL.

  31. Describe in detail <u>all</u> training and education (including on the job training) provided to you by or on behalf of Paschall Truck Lines, Inc. at any time and in any way related to the operation of a commercial motor vehicle.

  32. List any factual errors you contend are contained in the police report of the Subject Incident.  For each such alleged error, state the facts upon which you rely to support your contention and identify any persons and documents that support your contention.

  33. Was your truck equipped with any dashcam or other video recording device? If so, please describe the device and whether footage of this incident was captured.


## <u>REQUESTS FOR PRODUCTION OF DOCUMENTS</u>

### *<u>Please produce true and correct copies of the following</u>*:

  1. All accident and/or incident reports concerning the accident, in addition to any and all documentation of the surrounding events.

  2. All supplements and/or revisions to the accident report.

  3. All diagrams of the accident scene.

  4. Video recording of the accident, if any.

  5. Surveillance video of the Plaintiff.

  6. Photographs of the accident scene and/or roadway.

  7. Photographs of the Plaintiffs' vehicle.

  8. Photographs of the Defendant's vehicle.

  9. Photographs of all other vehicles involved in the accident.

  10. Photographs of the Plaintiff.

  11. Statements obtained from the Plaintiff.

12.     Statements obtained from the Defendant.

13.     Statements obtained from any and all witnesses.

14.     All expert reports prepared in connection with this case.

15.     Entire file of all experts that you intend to call to testify at the trial of this case.

16.     Current *curriculum vitae* of all experts that you intend to call to testify at the trial of this case.

17.     A list of each case in which your expert has rendered an opinion or given sworn testimony in the past ten (10) years.

18.     All policies of insurance which will, or may, provide liability coverage to you in connection with the occurrence made the basis of this suit.

19.     Any and all documents, including, but not limited to driver's log books, that reflect or document any and all of your driving/hours of service for January 2019 and six months prior thereto.

20.     All umbrella policies that were in effect on the date of the accident, including declarations pages.

21.     All reservation of rights letters from insurers pertaining to some or all of the claims made against you in the subject litigation.

22.     All coverage denial letters from insurers pertaining to some or all of the claims made against you in the subject litigation.

23.     All materials received pursuant to subpoena.

24.     All of the Plaintiff's medical records obtained pursuant to subpoena or otherwise.

25.     All written communications that you have had with any of the Plaintiff's medical providers.

26.     All call records for all telephonic device(s) owned and/or utilized by you during the 48 hour period before and after the collision including, but not limited to, the following:

        a.      Records reflecting calls placed by you, and/or anyone acting on your behalf;

        b.      Records reflecting calls received or missed by you, and/or anyone acting on your behalf.

8

27.     All messaging records for all telephonic device(s) owned and/or utilized by you during 48 hour period before and after the collision including, but not limited to, the following:

        a.     Records reflecting text and/or SMS messages sent by you, and/or anyone acting on your behalf;

        b.     Records reflecting text and/or SMS messages received by you/your device and/or anyone acting on your behalf.

28.     If you sought medical treatment as a result of the accident, please produce true and correct copies of all such medical records.

29.     If you underwent toxicological testing following the accident, please produce true and correct copies of all such test results.

30.     All data you retrieved/downloaded from electronic control module(s) and/or event data recorder(s) contained in the vehicle operated by you at the time of the accident in whatever form it exists, whether electronic or documentary.

31.     All data retrieved from communication and/or GPS tracking systems contained within the vehicle operated by you at the time of the accident.

Respectfully Submitted,

**/s/ Stephanie Emens Balzli**
Stephanie Emens Balzli (EME008)
Attorney for Plaintiff

**OF COUNSEL:**
**SHUNNARAH INJURY ATTORNEYS, PC**
2900 First Avenue South
Birmingham, AL 35233
Phone: (205) 983-8150
Fax: (205) 983-8450
sbalzli@asilpc.com

**TO BE SERVED UPON DEFENDANT ALONG WITH THE COMPLAINT**

9



AlaFile E-Notice

01-CV-2020-903403.00

To:   STEPHANIE EMENS BALZLI
      sbalzli@asilpc.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

CHARLES D. MILES V. PASCHALL TRUCK LINES, INC. ET AL
01-CV-2020-903403.00

The following complaint was FILED on 10/1/2020 2:05:07 PM

Notice Date:    10/1/2020 2:05:07 PM

JACQUELINE ANDERSON  SMITH
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
jackie.smith@alacourt.gov



AlaFile E-Notice

01-CV-2020-903403.00

To:  PASCHALL TRUCK LINES, INC.
     3443 HIGHWAY 641 SOUTH
     MURRAY, KY, 42071

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

CHARLES D. MILES V. PASCHALL TRUCK LINES, INC. ET AL
01-CV-2020-903403.00

The following complaint was FILED on 10/1/2020 2:05:07 PM

Notice Date:      10/1/2020 2:05:07 PM

JACQUELINE ANDERSON  SMITH
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
jackie.smith@alacourt.gov



AlaFile E-Notice

01-CV-2020-903403.00

To:   JAMES HARTENSE CODIE
      1103 PROCTOR STREET
      DURHAM, NC, 27707

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

CHARLES D. MILES V. PASCHALL TRUCK LINES, INC. ET AL
01-CV-2020-903403.00

The following complaint was FILED on 10/1/2020 2:05:07 PM

Notice Date:      10/1/2020 2:05:07 PM

JACQUELINE ANDERSON  SMITH
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
jackie.smith@alacourt.gov

| State of Alabama<br>Unified Judicial System<br>Form C-34   Rev. 4/2017 | SUMMONS<br>- CIVIL - | Court Case Number<br>01-CV-2020-903403.00 |
|---|---|---|

### IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
### CHARLES D. MILES V. PASCHALL TRUCK LINES, INC. ET AL

**NOTICE TO:** PASCHALL TRUCK LINES, INC., 3443 HIGHWAY 641 SOUTH, MURRAY, KY 42071

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), STEPHANIE EMENS BALZLI,

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 3626 Clairmont Avenue South, BIRMINGHAM, AL 35222.

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of CHARLES D. MILES pursuant to the Alabama Rules of the Civil Procedure.

*[Name(s)]*

| 10/01/2020 | /s/ JACQUELINE ANDERSON  SMITH | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.      /s/ STEPHANIE EMENS BALZLI

*(Plaintiff's/Attorney's Signature)*

### RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on _____.

*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____

_____ in _____ County,

*(Name of Person Served)*                    *(Name of County)*

Alabama on _____.

*(Date)*

_____   _____   _____

*(Type of Process Server)*      *(Server's Signature)*      *(Address of Server)*

_____   _____

*(Server's Printed Name)*      *(Phone Number of Server)*

| State of Alabama<br>Unified Judicial System<br>Form C-34   Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>01-CV-2020-903403.00 |
| --- | --- | --- |

**IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA**
**CHARLES D. MILES V. PASCHALL TRUCK LINES, INC. ET AL**

**NOTICE TO:** JAMES HARTENSE CODIE, 1103 PROCTOR STREET, DURHAM, NC 27707

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), STEPHANIE EMENS BALZLI

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 3626 Clairmont Avenue South, BIRMINGHAM, AL 35222

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:**

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of CHARLES D. MILES

*[Name(s)]*

pursuant to the Alabama Rules of the Civil Procedure.

| 10/01/2020 | /s/ JACQUELINE ANDERSON  SMITH | By: |
| --- | --- | --- |
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.          /s/ STEPHANIE EMENS BALZLI

*(Plaintiff's/Attorney's Signature)*

## RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on _____ .

*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____

_____ in _____ County,

*(Name of Person Served)*          *(Name of County)*

Alabama on _____ .

*(Date)*

| _____ | _____ | _____ |
| --- | --- | --- |
| *(Type of Process Server)* | *(Server's Signature)* | *(Address of Server)* |
| | _____ | _____ |
| | *(Server's Printed Name)* | *(Phone Number of Server)* |



# NOTICE TO CLERK

REQUIREMENTS FOR COMPLETING SERVICE BY
CERTIFIED MAIL OR FIRST CLASS MAIL

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
CHARLES D. MILES V. PASCHALL TRUCK LINES, INC. ET AL

01-CV-2020-903403.00

To:  CLERK BIRMINGHAM
clerk.birmingham@alacourt.gov

TOTAL POSTAGE PAID: $27.70

Parties to be served by Certified Mail - Return Receipt Requested


Parties to be served by Certified Mail - Restricted Delivery - Return Receipt Requested

PASCHALL TRUCK LINES, INC.                                    Postage: $13.85
3443 HIGHWAY 641 SOUTH
MURRAY, KY 42071


JAMES HARTENSE CODIE                                          Postage: $13.85
1103 PROCTOR STREET
DURHAM, NC 27707



Parties to be served by First Class Mail

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

PASCHALL TRUCK LINES, INC.
3443 HIGHWAY 641 SOUTH
MURRAY, KY 42071

9590 9402 5246 9154 9142 35

2. Article Number (Transfer from service label)

7020 0640 0001 1593 3250

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X

☐ Agent
☐ Addressee

B. Received by (Printed Name)      C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

S/C

CV-20-903403

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053       Domestic Return Receipt

---

7020 0640 0001 1593 3250

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at www.usps.com®.

OFFICIAL USE

Certified Mail Fee
$

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)        $
☐ Return Receipt (electronic)      $
☐ Certified Mail Restricted Delivery  $
☐ Adult Signature Required         $
☐ Adult Signature Restricted Delivery $

Postage
$

Total Postage and Fees
$

Sent To

Street and Apt. No., or PO Box No.

City, State, ZIP+4®

Postmark
Here

PS Form 3800, April 2015 PSN 7530-02-000-9047       See Reverse for Instructions

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

JAMES HARTENSE CODIE
1103 PROCTOR STREET
DURHAM, NC 27707

9590 9402 5246 9154 9142 28

2. Article Number (Transfer from service label)

7020 0640 0001 1593 3243

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X
☐ Agent
☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

S/CD2
CV.20.903403

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise

PS Form 3811, July 2015 PSN 7530-02-000-9053    Domestic Return Receipt

---

7020 0640 0001 1593 3243

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at www.usps.com®.

OFFICIAL USE

Certified Mail Fee

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)
☐ Return Receipt (electronic)
☐ Certified Mail Restricted Delivery
☐ Adult Signature Required
☐ Adult Signature Restricted Delivery

Postage

Total Postage and Fees

Sent To

Street and Apt. No., or PO Box No.

City, State, ZIP+4®

Postmark
Here

PS Form 3800, April 2015 PSN 7530-02-000-9047    See Reverse for Instructions

**SENDER: COMPLETE THIS SECTION**

- ■ Complete items 1, 2, and 3.
- ■ Print your name and address on the reverse so that we can return the card to you.
- ■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

PASCHALL TRUCK LINES, INC.

3443 HIGHWAY 641 SOUTH

MURRAY, KY 42071



9590 9402 5246 9154 9142 35

2. Article Number *(Transfer from service label)*

7020 0640 0001 1593 3250

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X

☐ Agent
☐ Addressee

B. Received by *(Printed Name)*          C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:        ☐ No

S/C

CV-20-903403

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Mail
☐ Mail Restricted Delivery
   *(over $500)*

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053          Domestic Return Receipt

**USPS TRACKING #**





First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

FILED IN OFFICE
CIRCUIT CIVIL DIVISION

OCT 09 2020

JACQUELINE ANDERSON SMITH
CLERK

9590 9402 5246 9154 9142 35

**United States**
**Postal Service**

• Sender: Please print your name, address, and ZIP+4® in this box•

JACQUELINE ANDERSON SMITH, CLERK

ROOM 400 JEFF CO COURTHOUSE

716 RICHARD ARRINGTON JR BLVD., NO.

BIRMINGHAM, ALABAMA 35203



AlaFile E-Notice

01-CV-2020-903403.00

Judge: TAMARA HARRIS JOHNSON

To: BALZLI STEPHANIE EMENS
sbalzli@asilpc.com

# NOTICE OF SERVICE

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

CHARLES D. MILES V. PASCHALL TRUCK LINES, INC. ET AL
01-CV-2020-903403.00

The following matter was served on 10/9/2020

D001 PASCHALL TRUCK LINES, INC.
Corresponding To
CERTIFIED MAIL

JACQUELINE ANDERSON  SMITH
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
jackie.smith@alacourt.gov